183 N.J. Super. 333 (1981)
443 A.2d 1108
BROGAN CADILLAC-OLDSMOBILE CORP., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
CENTRAL JERSEY BANK AND TRUST COMPANY, DEFENDANT. THE CENTRAL JERSEY BANK AND TRUST COMPANY, A BANKING CORPORATION OF THE STATE OF NEW JERSEY, THIRD-PARTY PLAINTIFF,
v.
JOSEPH GEORGE MARZENO, A/K/A J. MARISENA, A/K/A FRANK RUSSO, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Law Division Passaic County.
Decided November 9, 1981.
*334 Peter R. Bray for plaintiff (Cole, Geaney, Yamner & Byrne, attorneys).
J. Peter Sokol for defendant and third-party plaintiff (McOmber & McOmber, attorneys).
SCHWARTZ, J.S.C.
This issue in this case is whether a holder in due course of a check may recover the amount of the check from a defendant whose blank check has been stolen and then completed by forgery.
After plaintiff introduced the check in evidence defendant overcame the presumption that the signatures (and other entries) were genuine or authorized (N.J.S.A. 12A:3-307), and they must be regarded as forgeries. See N.J.S.A. 12A:1-201(43); Solomon v. National Community Bank of Rutherford, 102 N.J. Super. 482, 492 (Law Div. 1968), aff'd 105 N.J. Super. 164 (App. Div. 1969). The court is now required to determine whether a motion to dismiss the action must be granted (R. 4:40-1) under the circumstances of this case despite plaintiff's contention that a jury question is presented by virtue of N.J.S.A. 12A:3-406 which provides:
Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is *335 precluded from asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee's or payor's business.
Defendant bank had kept a series of unbound prenumbered checks in a vault which was locked each evening and opened each morning by officers who possessed the safe combination. The vault was not located in an area open to the public and a limited number of persons were authorized to enter the vault.
The checks were printed at the instance of defendant bank and used by it for the payment of certain obligations. They were drawn on the Chase Manhattan Bank and were mainly used to reimburse that bank after defendant bank issued to its customers and received payment for money orders drawn against the Chase Manhattan Bank.
On November 16, 1979 defendant learned that two checks of this stock of checks had been cashed in another area of the State, and after investigation found that these checks and 20 others in this group, prenumbered 4092 to 4123, were missing from the vault.
Lower-numbered checks and higher-numbered checks were found intact. At no previous time had any bank officer or employee actually examined all of the checks seriatim to ascertain if the printer or the Chase Manhattan Bank had delivered all of the checks that were supposed to comprise the large stock of checks.
Defendant bank had no previous larcenous or embezzled loss experience. Neither the bank nor the police authorities were able to ascertain when or how the 22 checks came to be missing. The bank notified all banks in the area to be on the look-out for persons attempting to pass forged checks of this series.
On January 5, 1980 plaintiff sold an automobile to a buyer for $22,000 and accepted in payment one of the checks of this group, numbered 4113, made payable to the buyer and endorsed to plaintiff. The names of the signers on the check were actually the names of the officers of defendant bank. When plaintiff *336 deposited the check and found it was a forged instrument, it sought recovery from defendant bank.
The persons whose names appeared as signatories testified they had no recollection of ever seeing a blank check numbered 4113; that they did not prepare a check made payable to the car buyer, did not sign such check and did not know the buyer.
The legislation refers to negligence, the violation of a duty on the basis of which damage was foreseeable. No testimony was introduced to support a claim of failure on the part of the bank to abide by any standard of due care recognized in bank practices.
Was it reasonably foreseeable that a theft of checks kept in a bank vault would occur? Even if crime is prevalent, does a duty arise to take steps to protect others against it?
Was the bank precluded from asserting the unauthorized signatures as a defense to the claim of the holder in due course in light of the statute providing relief for such holders against any "person who by his negligence substantially contributes .... to the making of an unauthorized signature"?
By way of analogy, if a woman secures a checkbook from her bank, places it into her handbag, enters the public street and is the victim of a purse-snatcher who subsequently forges her check, should a jury be permitted to determine if she was guilty of negligence? Compare this to a situation where the woman placed the checkbook in her pocket and inadvertently let it fall to the street, where it was picked up and fraudulently used.
It would be unjust to require one to anticipate that a crime will be committed unless there has been a warning or unless a previous criminal act occurred in the same premises. Since there was no evidence that a check had previously been missing from the vault, was some special protection from larceny required?
Our Supreme Court had the occasion to express its view of liability arising from lack of due care in the face of foreseeable *337 crime in Trentacost v. Brussel, 82 N.J. 214 (1980). There a tenant was a victim of a mugging within an apartment building where she resided. The court said:
There was ample evidence that criminal activity affecting the Monroe Street building was reasonably foreseeable. More than one witness testified to the high incidence of crime in the neighborhood. Plaintiff's own, unchallenged testimony related an attempted theft within the building. Against this background, the jury could readily view the absence of a lock on the front entrance  an area outside an individual tenant's control  as exemplifying a callous disregard for the residents' safety in violation of ordinary standards of care. Since there was sufficient evidence for concluding that the mugging was a foreseeable result of the landlord's negligence, the jury's finding of liability was warranted. [at 223]
Of course, in our case no evidence was offered of previous criminal conduct within the bank which would call for special steps to be taken by the bank.
In Fred Meyer, Inc. v. Temco Metal Products Co., 267 Or. 230, 516 P.2d 80 (1973), the Supreme Court of Oregon concluded that a company whose checks had been stolen and forged was not negligent in failing to guard against theft or forgery. Although a previous burglary had taken place, the company kept the checks in an unlocked filing cabinet from which they were stolen and signatures forged. A protectograph, by which amounts were imprinted on the stolen checks by the burglar, was kept in an unlocked desk drawer also.
The court said the issue should be withdrawn from the jury when the conduct of defendant falls outside the "community's conception of fault." It further said:
This is not a case in which conduct may be negligent for failure to foresee that such conduct may involve an unreasonable risk of harm to another person through the negligent conduct of a third person. Instead, this is a case in which it is contended that defendant was negligent for failure to foresee that his conduct may involve harm to another through the criminal conduct of a third person. See Restatement of Torts (2d) sec. 302A and sec. 302B. Under normal circumstances a person may reasonably assume that no one will violate the criminal law. Restatement, supra, sec. 302B, Comment d.
In our State we have come to recognize the distinction between willful and wanton conduct and intentional torts on the one hand, and negligence on the other. McLaughlin v. Rosen *338 Farms, Inc., 56 N.J. 288 (1970); Draney v. Bachman, 138 N.J. Super. 503 (App.Div. 1976).
There is a clear absence of evidence in this case to support a factual conclusion of negligence on the part of defendant. The conduct of defendant bank was outside the scope of the law's conception of fault. The statute does not apply.
Further, there is no evidence that check No. 4113 was ever in the hands of the bank officials. It is just as likely that someone employed by the printing firm or the Chase Manhattan Bank withdrew the 22 checks before delivery of the stock of checks to defendant bank.
Defendant's motion for entry of judgment in its favor shall be granted.